IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,                           :
                    Appellant     :
                                              :
          v.                                  :
                                              :  No. 2163 C.D. 2015
City of Bethlehem                     :  Submitted:  September 2, 2016


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                         FILED: September 28, 2016


          Alvin S. Kanofsky (Kanofsky) appeals, *pro se*, from the order of the
Court of Common Pleas of Northampton County (trial court) finding that he violated
certain provisions of the International Property Maintenance Code (IPMC) (2009 ed.)
which have been made part of the Codified Ordinances of the City of Bethlehem
(Ordinance).  We affirm.


**I.**

**A.**

          Kanofsky is the owner of commercial property located at 30 East Third
Street (Building) in the City of Bethlehem (City), Northampton County,
Pennsylvania.  On February 25, 2014, the City's Bureau of Inspections (Bureau)
issued a notice of violation (First Notice) to Kanofsky because an inspection of the

Building revealed violations of the IPMC provision contained at Article 1733, Section 304.1 of the Ordinance. That provision requires that "[t]he exterior of a structure shall be maintained in good repair, structurally sound and sanitary so as not to pose a threat to the public health, safety or welfare." (Supplemental Reproduced Record (S.R.R.) at 1a.) The First Notice listed the following violations: the soffit above the garage door on the Adams Street side of the Building was missing and needed replaced; the soffit above the second garage door on the Adams Street side of the Building was falling off and needed repaired or replaced; facia material just below the roof line on the Adams Street side of the Building was falling off and needed repaired or replaced; brick on the rear and courtyard side of the Building was deteriorating and in need of pointing; and water was bleeding through the brick, which required finding and repairing the source of the leak. The First Notice stated that Kanofsky had 60 days to comply with the order and if the corrections were not completed within the 60 days, the Bureau would issue a citation.

Kanofsky filed a timely appeal of the First Notice to the City's Codes Board of Appeals (Board) and a hearing was scheduled for March 27, 2014. Kanofsky failed to attend the hearing and the Board voted unanimously to deny his appeal. Kanofsky then appealed the Board's decision to the trial court.

**B.**

On March 27, 2015, the City's Bureau of Code Enforcement issued a notice of violation (Second Notice) to Kanofsky as an inspection of the Building revealed numerous roof leaks. The IPMC provision contained in Article 1733, Section 304.2 of the Ordinance, requires the exterior of a building to be maintained in

2

such a manner that it is weather resistant.  The inspection also revealed that material was being stored in the Building without a valid certificate of occupancy in violation of Article 1731, Section 403.46 of the Ordinance.  The Second Notice stated that Kanofsky had 15 days to repair the roof and remove all stored material from within the Building or acquire a certificate of occupancy or else be subject to fines.

Kanofsky filed a timely appeal of the Second Notice to the Board.  During a hearing on May 28, 2015, Kanofsky acknowledged that the Building's roof leaked and that he was storing items inside the Building.  The Board again voted unanimously to deny Kanofsky's appeal, and Kanofsky then appealed the Board's decision to the trial court.

## C.

The appeals from the First and Second Notices were consolidated for trial.  Craig Hynes (Hynes), chief code official for the City, testified that he performed the inspection that formed the basis for the First Notice.  Hynes stated that the soffit above the garage door on the east side of the building was completely missing, allowing access for animals or individuals into the Building.  A portion of the soffit above the second garage door was also missing.  The metal facia that protects the wood and roof structure was partially hanging off, and Hynes testified that it could blow or fall off the Building.  This would also allow the wood to deteriorate and water to enter the Building.  Hynes testified that he observed moisture in the brick of the Building and the mortar was missing in spots, with some bricks appearing to be loose.  Kanofsky was provided 60 days to make the necessary repairs

3

outlined in the First Notice, but failed to do so. Hynes stated that as of the day before the hearing, the repairs still had not been made.

As for the Second Notice, Hynes testified that he received a police incident report dated March 24, 2015, after two officers entered the Building upon receiving a complaint that the front door was open for an extended period of time. Hynes himself never entered the Building as Kanofsky denied his requests for access. However, Hynes was able to view through the front window that there was artwork, boxes and furniture inside the Building, and testified that there were still items stored in the Building as of the day before the hearing. Hynes testified that storage was a use that required a certificate of occupancy as per the Ordinance, and that Kanofsky did not have a certificate of occupancy for the Building. Hynes issued the Second Notice to Kanofsky based upon information garnered from the police report. Hynes confirmed that during the hearing on the Second Notice, Kanofsky admitted that he was storing materials in the Building and that the roof leaked.

Sergeant Benjamin Hackett (Sgt. Hackett) with the City of Bethlehem Police Department testified that on March 24, 2015, he and another supervisor responded to a call they received about an open door at the Building. Sgt. Hackett had his communications center attempt to contact the owner of the Building, but it was unsuccessful. Sgt. Hackett and the other officer then entered the Building through the open front door, announced their presence, and searched each room ensuring there were no occupants or evidence of criminal activity. Sgt. Hackett testified that the Building was full of old furniture, bicycles, newspapers and magazines, clothes, boxes, cans, lumber and tools. These items were stored on each

4

floor of the Building, including the basement. Sgt. Hackett testified that there were holes in the roof through which he could see daylight, the roof was falling in, and there were large trash cans set up throughout the Building to collect rainwater. There were parts of the Building that Sgt. Hackett deemed unsafe to search because there was no floor or subfloor, only the rafters were visible. One window of the Building was completely missing and there was a large gap over the garage door. As a result of his inspection, Sgt. Hackett prepared an incident report which he then passed on to the City building inspector.

Kanofsky admitted to the trial court that he had items stored in the Building and that he did not have a certificate of occupancy. He argued that he was previously told by a Magistrate Judge that he could store some items in the Building and that he received a letter from the City's Mayor stating that he could do so, but he did not produce any documents to substantiate these claims. In his defense, Kanofsky presented photographs depicting vines growing on the property adjacent to the Building, which he claimed had crossed over onto his property and prevented him from fixing the brick. Kanofsky admitted that he was in violation regarding the soffit, but argued that it was not a major violation. He had no argument or evidence as to why he was not in violation regarding the falling facia material.

The trial court found that the City met its burden of demonstrating that Kanofsky was in violation of Sections 304.1, 304.2 and 403.46 of the Ordinance due to the condition of the Building. The trial court found the testimony of Hynes and Sgt. Hackett to be credible, and held that Kanofsky failed to present any credible evidence that he was not in violation. Specifically, there was credible evidence that

5

Kanofsky was in violation of Section 304.1 regarding the exterior of the structure due to the missing soffits, falling facia material, deteriorating brick and water bleeding through the brick creating a public danger. There was credible evidence that Kanofsky was storing items in the Building without a certificate of occupancy as required by Section 403.46 of the Ordinance. Finally, the trial court found that there was credible evidence that Kanofsky was in violation of Section 304.2 of the Ordinance which requires the exterior of a building to be weather resistant because there were holes in the roof. Kanofsky was given appropriate notice of these violations and failed to remedy them. This appeal followed.[1]

## II.

On appeal, Kanofsky appears to argue that he is not required to have a certificate of occupancy for the Building because a Magistrate Judge previously ruled that he could store a limited number of items in the Building. He also argues that the City's Mayor sent him a letter allowing him to store items in the Building. However, Kanofsky failed to present any evidence before the trial court to substantiate these claims, and he has not presented this Court with any legal argument to support his position that a certificate of occupancy is not required. Moreover, Kanofsky admits that the Magistrate Judge's "ruling" concerned issues with the Building dating back to 2007-2008, and that he is still storing items in the Building without a certificate of occupancy.

---

[1] Our review is limited to determining whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 17 n.5 (Pa. Cmwlth. 2015).

6

Kanofsky also argues that the trial court erred in finding him responsible for the violations because the issues with the Building were caused by vines spilling onto his property from an adjacent property. The only evidence Kanofsky presented to substantiate his claims regarding the vines were several pictures of his property. As the trial court noted, any vines that may have infiltrated Kanofsky's property from the adjacent lot have nothing to do with the missing soffits, falling facia material, holes in the roof or the storage of materials without a valid certificate of occupancy. Kanofsky failed to present any credible evidence that the vines caused water to bleed through the brick or any deterioration in the brick. Therefore, Kanofsky's argument is without merit, and there was competent evidence to support the trial court's finding that Kanofsky was in violation of Sections 304.1, 304.2 and 403.46 of the Ordinance.[2]

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[2] The remaining arguments Kanofsky attempts to make in his brief to this Court are either not appropriate for our review or were not raised before the trial court or in his Rule 1925(b) statement and, therefore, are waived. *See* Pa. R.A.P. 302(a); *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,              :
              Appellant   :
                             :
         v.              :
                             :
City of Bethlehem        :  No. 2163 C.D. 2015

# **O R D E R**

AND NOW, this 28th day of  September, 2016, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge